Peck, J.
delivered the opinion of the court — and, after stating the facts, thus proceeded.
When this suit was called for trial, the circuit judge quashed the proceedings, had before the justices, for irregularity, and ordered a writ of re-restitution.
From the judgment of the circuit court this writ of error is prosecuted.
First. As to the number of jurors empannelled before the justices. Twenty are to be summoned; but it does not, therefore, follow, that twenty must be empannelled. Twelve, or any number between that and twenty, may take the inquisition — at least twelve must agree in the finding, and sign the same.
Second. There must be certainty in the description of the place; the messuage or the lands must be described with .reasonable certainty, or how will the'jury know where to *200 meet when summoned? or how can the officer know of what give restitution? In this case the description of the premises is wholly imperfect and vague. (3 Bacon Abr. 255-6.)
Third. The plaintiff’s estate, or interest in the land, must be shown. In this the proceedings are defective — it does not appear what estate or interest Clements, or the heirs of Marchant had in the lands, If any had been described. This is fatal to the proceedings. (Bacon Ab. forcible entry and detainer E; 2 Caines' Rep. 97, People vs. Ring.)
Fourth. The act requiring six days’ service of the summons on the defendant, and providing that no jury shall be sworn unless such notice be given, makes it indispensable that the day of summoning should be shown. In this the ■proceedings are defective — the day is not shown when the defendant was summoned.
Fifth. The writ of restitution issued the day after the trial. This is good cause for quashing the writ of restitution, By the act of 1322, ch. 35, the writ of restitution is suspended for twenty days. The issuance thereof, immediately after the inquisition taken, and executing it, was an unwarranted deprivation of possession. So, in like manner, to issue an execution for costs, within the time allowed for making application for writs of certiorari and superse-deas, was oppressive.
The defendant, Esther Clinton, having brought the cause to the circuit court for alleged errors in the proceedings, and praying the proceedings to be quashed, it is needless do inquire, whether the party instituting the suit, is entitled to a trial for the force and detainer. We are clearly of opinion, that not entering a motion to quash the proceedings at the return term, did not preclude the court from quashing, when the suit was regularly called upon the docket. The circuit court did right in quashing the whole of the proceedings. The judgment must be affirmed, and a writ of re-restitution issue to the sheriff of Bedford county, to restore Esther Clinton to the possession of the lands of which she was illegally dispossessed.
Judgment affirmed.